UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

**MARCO TELLO**

                      Plaintiff,

    -against-

**THE CITY OF NEW YORK (CITY); THE NEW
YORK CITY POLICE DEPARTMENT (NYPD);
Individually and in his official capacity as then
NEW YORK CITY POLICE OFFICER –
POLICE OFFICER MICHEAL FODER, and
POLICE OFFICER BRIAN FLYNN.**

                      Defendants.

-----------------------------------------------------------X

**ECF CASE**

**TRIAL BY JURY
DEMANDED**

CIVIL NO.24-cv-744 (LDH) (CLP)

Plaintiff MARCO TELLO by and through his attorney. Rudy Velez, Esq., respectfully

shows to this court and alleges, as follows:

## INTRODUCTION

1. This is a civil rights action in which the plaintiff, MARCO TELLO seeks relief for

    the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42

    U.S.C. §1983 and the Fourth and fourteenth Amendments of the New York State

    Constitution and Constitution of the United States.

2. Plaintiff seeks money damages, attorney's fees and such further relief as this Court

    deems just and proper.

3. This action has been commenced within three years after plaintiff's claim arose by

    reason of the termination of the criminal prosecution in favor of the plaintiff.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

5. Jurisdiction is founded upon 28 U.S.C. §1331,1343 (1-4) and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## JURY DEMAND

7. Plaintiff demands trial by jury in this action.

## PARTIES

8. Plaintiff MARCO TELLO (TELLO) is an American Citizen residing in Bronx, New York. He has not been convicted of any crime since his release from custody after serving his sentence for the conviction described in this complaint.

9. Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the police officer named as a defendant I this action.

10. Defendant NEW YORK CITY POLICE EPARTMENT (NYPD) is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

11. At all times relevant herein, defendant POLICE OFFICER MICHEAL FODER (P.O. FODER) SH#17145 was a Police Officer of the NYPD, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and acting under color of the law; to wit under color of statues, ordinances, regulations, policies, customs and usages of the CITY and/or the Police Department.

12. At all times relevant herein, defendant MICHAEL FODER, then Shield # 17145, was a police officer employed by the NYPD, assigned to the 70th Precinct in Brooklyn, NY. He was the arresting officer in plaintiff's wrongful conviction.

13. On August 3, 2018, defendant FODER pled guilty before this court (Hon. Pamela K. Chen, J.) to perjury in connection with false statements he had made under oath in a federal criminal proceeding in which he had testified as a detective at the 70th Precinct. He resigned from the NYPD that month.

14. At all times relevant herein, defendant BRIAN FLYNN then shield# 30217, was a police officer employed by the NYPD, assigned to the 70th precinct. FLYNN then a rookie officer whose service had begun only 2 months prior to plaintiff's arrest, was the officer who played, the primary role in assisting FODOR in effectuating plaintiff's arrest. FLYNN is now a detective assigned to the Brooklyn South homicide squad (Shield#1067).

15. At all times relevant herein, defendants FODER and FLYNN, were acting as agents, servants and employees of defendant City of New York.

16. At all times relevant herein, all defendants were all acting under color of state law.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

17. On September 7, 2013, at approximately 6:10 P.M., plaintiff was leaving a grocery store when he allegedly engaged in the sale of narcotics. He was arrested at that time and taken to the 70th Precinct by defendant FODER, and then taken to Brooklyn Central Booking

18. At arraignment at Brooklyn Central Booking plaintiff learned for the first time that he was being charged with possession and sale of narcotics.

19. These charges were entirely fabricated.  Plaintiff did not possess narcotics.  Plaintiff did not sell narcotics.

20. In his sworn Criminal Court Complaint defendant FODER claimed that he had seen plaintiff hand two ziplock bags of crack cocaine to an "apprehended other" named Gabriel Petrella in return for money from Petrella.

21. This sworn statement was entirely fabricated. Plaintiff did not engage in any transaction with Petrella.

22. In his sworn Criminal Court Complaint defendant FODER further claimed that he had been informed by defendant FLYNN that FLYNN had recovered two ziplock bags of crack cocaine from Petrella.

23. This sworn statement was also a lie.  Petrella as not in possession of any narcotics.

24. In fact, although Petrella was arrested, he was later released from the 70th precinct and was never charged with possession of any narcotics.

25. After arresting plaintiff and taking him to the 70th Precinct FODOR, FLYNN and John Doe's 1-2 required plaintiff to strip naked and sexually abused plaintiff in a holding cell.

26. In his sworn Criminal Court Complaint defendant FODER further claimed that at approximately 9:55 P.M. – four hours later – at 1544 Lawrence Avenue, the address of the 70th Precinct, he recovered a plastic twist of crack cocaine from plaintiff's person.

27. This sworn statement was also a lie.  Plaintiff did not possess any narcotics.  FODER would have frisked and searched plaintiff at the scene of the arrest, rather than

waiting nearly four hours later to supposedly discover narcotics on plaintiff's person at the 70th Precinct.

28. Defendant FODOR knew that plaintiff had a prior felony narcotics conviction from when plaintiff was 18 years old, and targeted plaintiff because he knew that an individual with such a record could not contest the charges without risking the likelihood of a long prison sentence.

29. Plaintiff had no choice but to plead guilty and accept a sentence of 2 ½ year.

30. However, once FODOR was convicted in this court of perjury for lying in a proceeding in this Court, plaintiff's conviction was vacated- with the consent of the Kings County District Attorney's office – on November 4, 2022, and other convictions arising from cases in which Fodor had participated were also vacated on or about that date.

31. According to a New York Times article of November 17, 2022, the Kings County District Attorney's office consented to the vacatur of numerous convictions that had relied upon 13 former police officers who had subsequently been convicted of crimes. Forty-seven of the cases, including plaintiff's, were felonies.

32. On November 4, 2022, TELLO'S criminal court counsel moved to vacate TELLO'S conviction pursuant to a writ of error coram obis.

33. According to the same article, in 2021 and 022 a total of 876 convictions –250 in the Bronx, 188 in Manhattan, 378 in Brooklyn, and 60 in Queens—were vacated upon consent of the District Attorneys because the convictions depended on the word of NYPD officers who had been convicted of crimes or otherwise discredited.

34. Although defendant Flynn remains a NYPD employee, he is the subject of a lawsuit pending before this Court in which he is accused of lying to the Grand Jury. The indictment returned by the Grand Jury was later dismissed for lack of evidence. Sano v. The City of New York, et al., 22 CV 07688 (DLI) (TAM). Online records also reflect that Flynn was involved in a case settled in Kings County Supreme Court for $69,000. *Perry v. The City of New York, et al.,* 012525/2013.

35. While in state prison plaintiff lost his job, and also lost custody of his daughter. He was severely traumatized and suffered severe physical and emotional harm.

36. The acts complained of herein, and the vacatur of 876 convictions referenced in par. 34, are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers and supervisory officers.

37. The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officer and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

38 The official policies, practices and customs of the City of New York and the NYPD, alleged herein violated plaintiff's rights guaranteed by 42 USC § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

39 The conduct towards plaintiff alleged in this Second Claim for Relief subjected plaintiff to trauma, shock, debasement, shame, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, suffering.

40  The Supreme Court of New York, County of Kings ordered that TELLO'S judgement of conviction be vacated on November 4, 2022. In addition, on this same date, it was further ordered that TELLO'S indictment be dismissed with prejudice.

## CAUSES OF ACTION

## COUNT ONE

### 42 U.S.C. § 1921. 1983 Fourth and Fourteenth

### Violations: Malicious Prosecution

41  The plaintiff incorporates by reference the allegations set forth in all proceeding paragraphs 1 through 40 as if fully set forth herein.

42  On or about September 7, 2013 the defendants initiated a criminal proceeding against the plaintiff by misrepresenting and falsifying evidence in criminal court brought by and signed by then P.O. FODER, P.O. FODER continued his lies in the grand jury in order to secure an indictment.

43  P.O. FODOR was the primary witness and there was no other independent evidence to support his claims.

44  Plaintiff states that then P.O. FODER did not take a complete and full statement of facts. P.O. FODER misrepresented and falsified evidence that created a falsehood in signing the felony complaint and P.O. FODER's lies were material for a finding of probable cause.

45  In commencing and continuing the prosecution of plaintiff, defendants caused plaintiff to be falsely charged with acts in violation of the Penal law of the State of New York.

46  Plaintiff had not given defendant CITY, its agents, servants or employees, including then P.O. FODER probable cause to believe that plaintiff had committed the falsely charged illegal acts.

47  The defendants acted with malice because then P.O. did not arrest plaintiff with the desire to see the ends of justice served but rather with a false motive of planting and fabricating evidence.

48  As a result of the false evidence provided by defendants, plaintiff was forced under threat of issuance of a warrant to defend against false charges.

49  Plaintiff ultimately was deprived of his liberty by serving 21 months, incarceration.

50  The conduct of the defendants was the direct and proximate cause of plaintiff's loss of liberty for 21 months and violated plaintiff's statutory rights guaranteed by the laws and Constitution of New York and the United States.

51  On November 4, 2022, plaintiff's conviction as vacated and the indictment dismissed with prejudice pursuant to an order of the Supreme Court, of the State of New York.

## COUNT TWO

## 42 U.S.C.§1981, 1983 AND THE FOURTEENTH AMENDMENT VIOLATIONS FOR FABRICATED EVIDENCE

52  Plaintiff repeats and reiterated the allegations contained in paragraphs "1" through "51" of the complaint as if fully set forth herein.

53  On or about September 7, 2013 in the County of Kings, New York, TELLO

as unlawfully detained, arrested, imprisoned by agents, servants and/or employees

of defendant, CITY including P.O. FODER,

54  That the aforesaid and imprisonment was malicious, unlawful, and not based upon a

warrant, probable cause, and or any justification but based on fabricated – evidence.

55  That defendant CITY, through its agents, servants and/or employees, including police

defendants, P.O. FODER acted in bad faith and without probable cause in committing

the aforesaid arrest and imprisonment of TELLO.  The investigating official, Police

FODOR fabricated information, to wit he lied about his observation of seeing Gabriel

Petrella, an apprehended other, give TELLO money, in exchange for two ziplock

bags of crack cocaine.

56. That the aforesaid arrest and imprisonment was made with fabricated evidence as

sworn to in the criminal complaint.  The information FODER forwarded to

prosecutors formed the basis for TELLO'S prosecution and TELLO became aware

that this fabricated evidence if believed would likely influence a jury's verdict and

convict TELLO.

57. The aforesaid fabrication of evidence caused TELLO to suffer a deprivation of his

liberty for 21 months.

58. By reason of the foregoing, the defendants became liable to TELLO in a sum of

money which exceeds the jurisdiction limits of all courts of lesser jurisdiction.

<u>**COUNT THREE**</u>

<u>**MUNICIPAL LIABILITY FOR**</u>

<u>**CONSTITUTIONAL VIOLATIONS: MONELL CLAIM**</u>

59. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs "1" through 58" of this complaint.

60. Prior to September 7, 2013, defendant CITY developed and maintained polices and customs which caused the deprivation of plaintiff's Constitutional rights.

61. Prior to September 7, 2013, the responsible policy making officials of defendant CITY knew, or in the exercise of reasonable care should have known, that individual police officers of the CITY had engaged in a pattern and practice of Illegal and unconstitutional conduct, including performing false arrests, malicious prosecutions and unconstitutional searches on arrestees.  Specifically, defendants CITY knew or should have known that defendants P.O. FODOR and other Brooklyn police officers had falsely arrested and/or unlawfully searched numerous other people, often resulting in tainted prosecutions.

62. Despite knowledge of the aforesaid, patter and practice, defendant CITY failed to properly investigate this conduct, and failed to supervise, train and discipline the officers of the New York City Police Department.

63. Defendant CITY adopted a "hands off" policy of custom with regard to such illegal and unconstitutional acts committed by police officers, which encouraged the individual defendants int his case to believe that they could violate the constitutional rights of the plaintiff with impunity and with the explicit or tacit approval of defendant CITY, in violation of 42 U.S.C. § 1983.

64. As a result of the foregoing, plaintiff sustained the damages and injuries previously described, and seeks compensatory damages from the City of New York.

## DAMAGES

65. As a direct and proximate result of the said acts of the defendant, MARCO TELLO

suffered the following injuries and damages:

    a.  Violation of his rights under the Fourth and Fourteen Amendments to the Constitution:

    b.  Loss of physical liberty due to incarceration:

    c.  Further restriction on his liberty due to forced court appearance:

    d.  Humiliation, embarrassment, injury to reputation, physical and sexual abuse

    e.  Extreme emotional distress;

    f.  Severe disruption of family.

**WHEREFORE**, plaintiff requests the following relief as against all of the defendants:

1. Award compensatory damages in an amount to be determine by the Court.

2. Award attorneys' fees as fair and reasonable compensation for services rendered in connection with this action;

3. For such other and further relief as to this Court may deem just and proper.

RUDY VELEZ/ RV7160
930 Grand Concourse suite 1A
Bronx, New York 10451
(917) 674-0573
rvesq@yahoo.com

Dated: May 31, 2024
Bronx, New York